**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*
Douglas R. Tucker

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS R. TUCKER, individually and on behalf of others, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant. | Case No:  **'19CV1995 JM   MSB** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.** <br><br> **JURY TRIAL DEMAND** |

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

## INTRODUCTION

1. The California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Douglas R. Tucker, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge JPMorgan Chase Bank, N.A. ("Defendant") reporting of erroneous, negative, and derogatory information on Plaintiff's credit report, as that term is defined by Cal. Civ. Code § 1785.3(c), in violation of the CCCRAA, Cal. Civ. Code § 1785.1, *et seq.* More specifically, Plaintiff brings this Complaint for damages arising out of the systematic issuance of erroneous credit reports by Defendant. Defendant has erroneously reported continual monthly payment obligations and a remaining balance on an account that has been discharged and subsequently closed.

3. Plaintiff alleges as follows upon personal knowledge and experience. As to all other matters, Plaintiff bases her allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

4. While many violations are described below with specificity, this Complaint alleges violations of the CCCRAA cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

## JURISDICTION & VENUE

8.  Jurisdiction is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, an Ohio corporation.

9.  Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

10. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

13. Plaintiff is, and at all times relevant was, a natural person and resident of the city of San Diego, State of California.

14. Plaintiff is an individual whose credit reports were affected by Defendant's erroneous furnishing of information. In addition, Plaintiff is a "consumer" as that term if defined by Cal. Civ. Code § 1785.3(b).

15. Defendant is, and at all times mentioned herein was, an Ohio corporation and is authorized to conduct business in the State of California.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

16. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

17. Plaintiff alleges that Defendant is a furnisher of consumer credit information as contemplated by the CCCRAA because Defendant regularly, and in the ordinary course of business, furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. This Complaint pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

19. On, or around November 14, 2006, Plaintiff incurred a financial obligation (the "Debt") to Defendant. This financial obligation arose from a mortgage loan that Defendant extended to Plaintiff.

20. On December 15, 2010, Plaintiff filed Chapter Thirteen bankruptcy in the United States Bankruptcy, Southern District of California, under case number 10-21950-MM13.

21. Plaintiff did not re-affirm the debt during the course of his bankruptcy.

22. On April 20, 2016, the Debt was discharged pursuant to a court order that was mailed to Defendant by the bankruptcy court. The order advised Defendant that the Debt had been discharged.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

23. Following the bankruptcy, the balance on the Debt should have been listed as $0.00 and there should have been no scheduled payments on all consumer reports and the reports should have stated the account was "closed."

24. However, on July 11, 2019, when checking his TransUnion credit report, Plaintiff confirmed that his Chase Mortgage account starting with the number 4651* had a high balance of $264,000 from January 2017 to July 2018, with monthly scheduled payments between $1,510 and $1,634 on the Debt.

25. Defendant did not report that the account was included in bankruptcy or that the debt was discharged.

26. Under Cal. Civ. Code § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

27. Defendant reported information to TransUnion, a credit reporting agency, that it had reason to know or should have known was inaccurate. The bankruptcy court emailed Defendant a clear and ambiguous order that definitively discharged the Debt. Defendant, therefore, had explicit and authoritative evidence that the Debt was discharged, meaning it was no longer past due or charged off. Thus, Defendant knew or should have known that the information it provided to TransUnion was inaccurate. By reporting it, Defendant violated Cal. Civ. Code § 1785.25(a).

28. Defendant regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Defendant's transactions or experiences with Plaintiff, a consumer.

29. Defendant received Plaintiff's bankruptcy discharge order, then furnished information directly to the contrary—that the Debt was still owed and past due.

30. These acts and practices constitute violations of the CCCRAA, Cal. Civ. Code § 1785.25(b).

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

31.  Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

32.  By furnishing inaccurate information to TransUnion, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's obligations for a discharged account for which payments are no longer due or owing.

33.  To potential lenders reading Plaintiff's credit reports, it appears as though Plaintiff had an ongoing payment obligation to Defendant, which is not true. When making decisions on whether or not to extend credit, lenders consider what monthly obligations potential borrowers already have. If borrowers have too many monthly payment obligations, lenders will not lend to them and borrowers will be unable to obtain financing for necessary things such as vehicles etc.

34.  Defendant is a sophisticated lender that reported inaccurate scheduled monthly payments and a remaining balance regarding Plaintiff thereby damaging Plaintiff's, and the putative class members', credit worthiness.

35.  To report these continuing monthly payment obligations is patently incorrect, misleading, and fails to comply with the Metro 2 Guidelines.

36.  In an effort to comply with the CCCRAA in the most efficient manner, consumer reporting agencies (such as Experian, Equifax, and Transunion) have adopted a uniform system to gather and report information about consumers as well as process and correct inaccuracies and disputes.

37.  "Metro 2" is the credit reporting software that was developed as a standard for the credit reporting industry and provides one standard layout to be used by all furnishers of information to the consumer reporting agencies.

38.  Metro 2 provides a resource guide to each user, which explains the proper procedures for reporting information, reporting on investigations, and correcting information.

39. Individual furnishers must be approved by each bureau to report information to that bureau.

40. Once approved, the furnishers are able to provide information to credit bureaus through the Metro 2 system.

41. Furnishers' utilization of the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective credit evaluations.

42. By reporting inaccurate information to the credit bureaus, Defendant has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's payment obligations for a paid and/or closed account.

43. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered damages due to Defendant's misrepresentations regarding Plaintiff's current payment obligations.

44. This inaccurate reporting will adversely affect credit decisions because credit guarantors are made aware of Plaintiff's current income during the application process.

45. By reporting continuing monthly payments as opposed to a $0 monthly payment and a remaining balance, Defendant misrepresents Plaintiff's monthly financial obligations and gives the false impression that Plaintiff has fewer funds available to satisfy the new credit currently being applied for.

46. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

47. Plaintiff's credit report has been "published" since the bankruptcy because there have been numerous inquiries from various companies.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

48.   At no time during the pendency of his bankruptcy did Plaintiff seek or apply for credit.  His credit report may not have been as important during his bankruptcy, but even then, it still should have been correct.

49.   Now that his bankruptcy is over, the accuracy of his report is even more important.

50.   Plaintiff has been denied his right to a fresh start and a clean slate after discharge.

51.   Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

### CLASS ALLEGATIONS

52.   Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated.

53.   Plaintiff is among many thousands of persons in California who has had his or her credit information compiled and reported by Defendant regarding financial obligations incurred that have been subsequently discharged in bankruptcy, and currently have a $0 balance owed to the original creditor.

54.   Defendant has knowledge of when debts discharged, and when accounts are closed.

55.   Despite the fact that Defendant has knowledge and notice of when accounts are discharged and/or closed, Defendant has a deliberate policy of not accurately reporting that said debts are no longer currently still due and owing because they have been discharged.

56.   As a result of Defendant's failure to update consumers' credit reports, debts that have been discharged and/or closed with a $0 balance are instead listed on Class Members' credit reports as a current scheduled monthly payment that is due and/or have a remaining balance.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

57. These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still has a monthly obligation. These notations therefore adversely affect a Class Member's ability to obtain credit or employment.

58. Defendant knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to a consumer's regular day-to-day life.

59. Defendant has chosen not to accurately report the fact that the Class Members' debts have been discharged and/or closed with a remaining balance.

60. Plaintiff defines the Class as:

> All persons with addresses within California; (ii) who have or had mortgage account(s) with Defendant; (iii) where Defendant reported a balance; (iv) after bankruptcy discharge (v) within two years prior to the filing of the Complaint in this action.

61. Defendant and its employees or agents are excluded from the Class.

62. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

63. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

64. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant has a standard procedure of continuing to report account balances after an account has been closed and/or discharged;

b. Whether Defendants violated the CCCRAA when they reported that the Class member's discharged-accounts had a remaining balance;

c. Whether Defendants violated the CCCRAA when they reported the Class members' debts has scheduled monthly payments

d. Whether Defendants' conduct was willful; and

e. The appropriate amount of statutory and/or punitive damages that is appropriate for such a violation.

65. Plaintiff will fairly and adequately protect the interest of the Class.

66. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving credit reporting practices.

67. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving reporting a monthly payment obligation after an account is discharged and/or closed with a remaining balance.

68. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for CCCRAA violations are minimal.

69. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

70. Plaintiff and the Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information when Defendant knows or should know the information is inaccurate.

71. Defendant has acted on grounds generally applicable to the Class thereby making appropriate final declaratory relief with respect to the Class as a whole.

72. Members of the Class are likely to be unaware of their rights.

73. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and/or via publication.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108

**CAUSE OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE §§ 1785.1, *ET SEQ.***

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute a violation of the California Consumer Credit Reporting Agencies Act.

76. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

77. Because Defendant is a partnership, corporation, association, or other entity, Defendant is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

78. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Appointing Plaintiff's Counsel as Class Counsel;

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A), against Defendant;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) for Plaintiff and the Class;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

79.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group, APC**

Date: October 11, 2019

By: _s/ Yana A. Hart_
      Yana A. Hart, Esq.
      Attorneys for Plaintiff

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH, SUITE 101
SAN DIEGO, CA 92108